UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOEL ROBERT WITMER,

      Plaintiff,

v.                                CASE NO: 8:06-cv-200-T-23MAP

DYRIL L. FLANAGAN,

      Defendant.

_____/

## ORDER

Pursuant to 42 U.S.C. § 1983, Joel Witmer sues Dyril Flanagan and asserts that Flanagan deprived Witmer of the Sixth Amendment right to assistance of counsel. The complaint asserts that Witmer was charged with violating the terms of his probation. After determining that Witmer qualified as indigent, a Florida court appointed Flanagan to defend Witmer. Witmer alleges that Flanagan "failed to comply with and to the standards of legal representation" and failed "to perform as competent counsel." The complaint catalogues Flanagan's alleged deficiencies, including failure to respond to correspondence, failure to investigate a possible sentencing error, and failure to adequately depose witnesses. The complaint concludes that Flanagan deprived Witmer of a constitutional right in violation of Section 1983 because Flanagan's "limited actions did not provide the assistance of counsel as envisioned by the Sixth Amendment." Witmer seeks to recover the fee paid to a private attorney hired to replace Flanagan. Flanagan moves (Doc. 5) to dismiss and Witmer opposes (Doc. 6) the motion.

Witmer's opposition suggests for the first time that Flanagan conspired with state actors to deprive Witmer of the right to counsel.  Although the complaint lacks specific allegations of conspiracy, Witmer's *pro se* pleading enjoys the benefit of sufficiently liberal interpretation to treat the allegation of conspiracy as included in the complaint. Haines v. Kerner, 404 U.S. 519 (1972).  Further, although Flanagan's "reply" (Doc. 7) violates Local Rule 3.01(b), the reply is permitted as a response to the allegation of conspiracy.  Witmer alleges that unidentified state officials sought to hide an error in the calculation of Witmer's sentence.  Witmer argues that Flanagan conspired with the state officials to "force [Witmer] to accept the state initiated plea . . . and [to] forgo his challenging the state's error."  Witmer argues that Flanagan deliberately interfered with Witmer's efforts to defend against the charge.  Flanagan denies the legal and factual sufficiency of Witmer's complaint.

A claim pursuant to Section 1983 must demonstrate that the deprivation of a right, privilege, or immunity secured by the Constitution or laws of the United States occurred as the result of the conduct of a person acting under color of state law.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).  Witmer asserts that Flanagan acted under color of state law both because the state court appointed Flanagan as counsel and remunerated Flanagan for his service and because Flanagan conspired with state actors to deprive Witmer of the right to effective assistance of counsel.

"Once representation has been undertaken, the functions and duties of defense counsel are the same whether defense counsel is assigned, privately retained, or

serving in a legal aid or defender program."[1]  ABA Standards for Criminal Justice 4-1.2(h) (3d ed. 1993).  Although compensating the court-appointed attorney for his service, the state retains no authority to interfere with a court-appointed attorney's absolute duty to the defendant.  Polk County v. Dodson, 454 U.S. 312, 318-319 (1981).  Accordingly, no state action occurs when a court-appointed lawyer performs the traditional duties of counsel at a criminal proceeding.  Dodson, 454 U.S. at 325 (finding the employment relationship between the state and a public defender "insufficient to establish that a public defender acts under color of state law within the meaning of § 1983."); see also West v. Atkins, 487 U.S. 42, 50 (1998) (citing Dodson, 454 U.S. at 321-322, and stating "[w]hile performing his duties, a public defender retains all essential attributes of a private attorney, including, most importantly, his 'professional independence'").  The court's appointing Flanagan and remunerating him for his service fails to convert Flanagan's representation into state action.  At best, the complaint's allegation that Flanagan ineffectively performed traditional duties of counsel asserts a state tort action for malpractice.  See e.g. Sullens v. Carroll, 308 F. Supp. 311, 312 (M.D. Fla. 1970).

Private persons "act under color of state law when engaged in a conspiracy with state officials to deprive another of federal rights."  Tower v. Glover, 467 U.S. 914, 920

---

[1]"Although it has been observed that, arguably, public defenders are in a different posture from court-appointed counsel because public defenders are clearly state employees, the cases brought under 42 U.S.C.A. § 1983 have treated the public defender like the court-appointed lawyer, that is, like a private practitioner." Catherine R. Lazuran, Court-Appointed Attorney as Subject to Liability under 42 U.S.C.A. § 1983, 36 A.L.R. Fed. 594 (citations omitted).

(1984).  The state actor's participation in the conspiracy provides the requisite state action and creates liability in the private party for purposes of Section 1983.  United States v. Price, 383 U.S. 787, 794 (1965); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).

A *prima facie* case under Section 1983 for conspiracy to deprive the plaintiff of a constitutional right requires that the plaintiff demonstrate an agreement to deprive the plaintiff of the constitutional right and the actual deprivation of the constitutional right. Ruszala v. Walt Disney World Co., 95 F. Supp. 2d 1323, 1327 (M.D. Fla. 2000); see also GJR Investments v. County of Escambia, 132 F.3d 1359, 1370 (11th Cir. 1998) (explaining that "a plaintiff must show an underlying actual denial of [a] constitutional right" to claim conspiracy under Section 1983).  Witmer demonstrates neither an agreement to deny Witmer's right to counsel nor an actual denial of Witmer's right to counsel.

A claim of conspiracy requires more than mere conclusory allegations.  Dolin v. West, 22 F. Supp. 2d 1343, 1350-1351 (M.D. Fla. 1998) (finding conclusory claims "too weak" to demonstrate a conspiracy); Rowe v. City of Fort Lauderdale, 8 F. Supp. 2d 1369, 1377 (S.D. Fla. 1998) (requiring "some factual detail about the conspiracy" because "conclusory statements suggesting a conspiracy are not sufficient to state a claim").  To allege a conspiracy, Witmer "must plead in detail, through reference to material facts, the relationship or nature of the conspiracy" between Flanagan and a state actor.  Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992) (citing Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984)).  Witmer's unsupported allegation that

- 4 -

Flanagan conspired with unidentified "state officials" to force Witmer to accept a plea insufficiently alleges a conspiracy to deprive Witmer of a constitutional right.  Witmer fails to plead the conspiracy with the required particularity.  Harvey, 949 F.2d at 1133.

Further, Witmer fails to establish the denial of the right to effective assistance of counsel.  Witmer claims that because Flanagan's ineffective representation required Witmer to retain private counsel, Witmer was denied the right to "assistance of counsel to be provided at no cost."  Witmer misconstrues the right to counsel as an entitlement to counsel of his choice to be provided by the state.[2]

The Sixth Amendment protects the defendant from the risk associated with defending himself against a criminal charge and guarantees only that a defendant has "the assistance necessary to justify reliance on the outcome of the proceeding." Strickland v. Washington, 466 U.S. 668, 692 (1984).  The right to counsel is threatened when the resulting performance by counsel or the complete denial of counsel prejudices the proceeding.  Strickland, 466 U.S. at 692.  Witmer fails to assert that the alleged denial of effective assistance cause any prejudice to the proceeding.

---

[2]Although a defendant capable of retaining private counsel at his own expense enjoys the right to the counsel of his choice, an indigent defendant enjoys only the right to assistance of counsel and not the right to choice of counsel. Gandy v. State of Ala., 569 F.2d 1318, 1323 (5th Cir. 1978) (citing United States v. Gray, 565 F.2d 881, 887 (5th Cir. 1978), and stating "it is a settled principle that the right to counsel of one's choice is not absolute as is the right to the assistance of counsel"). A court must appoint counsel to assist a defendant unable to afford private counsel.  An indigent defendant may elect either to accept the appointed counsel or to petition the court to proceed *pro se*. Witmer elected instead to retain private counsel at his own cost.  The Sixth Amendment fails to entitle Witmer to reimbursement for the cost of private counsel.  Further, Witmer's ability to retain counsel at the not insignificant cost of seven thousand dollars undermines his claim of entitlement to counsel by reason of indigence.

Accordingly, the defendant's motion (Doc. 5) to dismiss is **GRANTED** and the complaint is **DISMISSED**.  On or before **July 14, 2006**, Witmer may amend the complaint.

Flanagan fails to respond to Witmer's motion (Doc. 8) for costs of service for failure to comply with Rule 4(d), Federal Rules of Civil Procedure.  On or before **July 14, 2006**, Flanagan will demonstrate why Witmer's motion for costs of service should not be granted.  Failure to respond may result in the court's granting the motion as unopposed.

Attached to this order is a **"Notice to Federal Pro Se Litigants"** from the Tampa Bay Chapter of the Federal Bar Association. The plaintiff is encouraged to review the Notice and to contact the Federal Bar Association for assistance in prosecuting this action.

ORDERED in Tampa, Florida, on June 29, 2006.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:    US Magistrate Judge
       Courtroom Deputy

- 6 -

# NOTICE TO FEDERAL PRO SE LITIGANTS

(Persons who are involved in a federal lawsuit but don't have an attorney)

If you are interested in obtaining free legal advice concerning your lawsuit, please contact the Tampa Bay Chapter of the Federal Bar Association using the form below.

Members of the Federal Bar Association are willing to meet with pro se litigants to provide <u>limited</u> legal advice.

These attorneys can help you evaluate your lawsuit, explain what your responsibilities are as a party to a lawsuit, and explain the process of preparing and trying a case.  They may or may not help you find a lawyer to represent you.

By participating in this program you are not guaranteed that a lawyer will take your case.  You will remain entirely responsible for your case.

To participate, complete the following information, sign the form, and mail or fax it to the address listed below.
_____

## PRO SE LITIGATION PROJECT

Name: _____       Date: _____
Address: _____       Day time phone: _____
         _____       Night time phone: _____
Email: _____       Fax: _____
Federal Case No: _____       Are you:  ___ Plaintiff  ___ Defendant
(e.g. 8:01-cv-352-T-30ABC)

Name of opposing party(ies): _____

Name of attorney for opposing party: _____

Type of case:

__ employment discrimination      __ labor       __ civil rights    __ contract
__ government benefit             __ criminal    __ family          __ immigration

__ Other (please describe) _____

***I understand that if I participate in this project, I will remain solely responsible and liable for the prosecution of my lawsuit.***

                                        _____
                                        (signature)
_____

Please return to Federal Bar Pro Se Project:
Mail:   P.O. Box 1288, Tampa, Florida 33601-1288
Fax:    (813) 229-0134
_____